Filed 9/30/20  P. v. Young CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TERRENCE YOUNG,<br><br>  Defendant and Appellant. | D077228<br><br><br>(Super. Ct. No. JCF26171) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Attorneys General, for Plaintiff and Respondent.

In 2011, Terrence Young pleaded no contest to possession of an illegal substance (1.5 grams of marijuana) in prison (Pen. Code, § 4573.6).  The court sentenced Holmes to a two-year term.

In December 2019, Young filed a petition to vacate his conviction under Proposition 64. The court appointed counsel and held a hearing. The court denied the petition finding Proposition 64 did not affect Penal Code section 4573.6. Specifically, the trial court relied on *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), in determining possession of not more than 28.5 grams of marijuana in prison remained a felony. The trial court declined to adopt the reasoning in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*), to the effect that use of marijuana in prison remains a felony under Penal Code section 4573.8, but that a very narrow reading of Proposition 64 renders possession of a small amount of marijuana while in prison is no longer a crime. Apparently, under that reasoning one can bring small amounts of marijuana into the prison and possess it, so long as they don't use it.

Young appeals, contending we should follow the *Raybon* decision and declare that possession of "small amounts" of cannabis in prison is no longer a violation of Penal Code section 4573.6. As we will discuss, we agree with the court's analysis in *Perry* and find Proposition 64 did not affect the section used in this case. Accordingly, we will affirm the denial of Young's petition.

DISCUSSION

A. The Contentions

Relying on *Raybon*, Young contends his conviction under Penal Code section 4573.6 must be vacated because it has been impliedly repealed (at least in part) by Proposition 64. He recognizes there is no specific language in the proposition indicating it impacts statutes that prohibit either the possession or use of marijuana by prison or jail inmates. He contends *Raybon* is better reasoned than the opinion in *Perry*.

2

The challenge to the application of *Perry* has two principal anchors. First, the proposition makes legal the possession of not more than 28.5 grams of marijuana outside of a prison or jail by persons who are 21 years old no longer a crime; therefore, it necessarily means that under the language of Penal Code section 4573.6, that possession of such small amounts in prison is no longer a crime.

The second basis for disagreement with *Perry* is that the so called carve-out provision in the proposition that exempts statutes "pertaining" to use of controlled substances in prison means Penal Code section 4573.6, which deals with possession, does not "pertain" to the use or ingestion of controlled substances. Thus, it is argued the section was not exempted from Proposition 64 as it relates to possessing small amounts of marijuana in prison.

Both arguments were correctly rejected in *Perry*, *supra*, 32 Cal.App.5th 885. As we will explain, we agree with the decision in *Perry* and decline to follow the contrary views expressed in *Raybon*.

B. Legal Principles

Proposition 64 made a number of changes in statutes relating to the use of marijuana. Relevant here is the proposition decriminalized simple possession of not more than 28.5 grams of marijuana by persons over 21 outside of prisons or jails. It does not mention the crime of possession of marijuana by inmates, except in what has been called the carve out section indicating those marijuana related statutes were not affected by the proposition.

Health and Safety Code[1] section 11362.45, subdivision (d) provides in part, that section 11362.1 " 'does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation . . . .' (§ 11362.45, subd. (d).)" (*Perry*, *supra*, 32 Cal.App.5th at p. 891.)

The court in *Perry* specifically rejected the contention that the carve-out does not apply to Penal Code section 4573.6 because the language of that section deals with possession and not use, thus the contention it does not "pertain" to smoking or ingestion. The court in *Perry* recognized the theoretical possibility that one could use drugs in prison without "possessing" them in a legal sense. However, someone must possess the physical product in prison in order for anyone to use it. The court in *Perry* found limitation of possession of marijuana in prison clearly pertained to the ultimate goal of preventing the unlawful use of controlled substances by inmates. (*Perry*, *supra*, 32 Cal.App.5th at p. 892.)

The court in *Perry* also rejected the contention that Penal Code section 4573.6 is no longer valid because it prohibits possession of controlled substances in prison if they are regulated by division 10 of the Health and Safety Code. (*Perry*, *supra*, 32 Cal.App.5th at p. 893.) The contention is premised on the fact that personal possession of not more than 28.5 grams by persons 21 years old is no longer criminal. Thus, the argument continues that possession of small amounts of marijuana is not regulated by division 10.

---

[1]     All further statutory references are to the Health and Safety Code unless otherwise specified

4

In *Perry*, the court rejected the argument and stated: "Here, a conclusion that division 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions. (§ 11362.45, subd. (d).)" (*Perry*, *supra*, 32 Cal.App.5th at p. 894.)

The court went on to say that cannabis remains controlled by division 10 and declined to adopt the interpretation offered that would impliedly exclude possession of a "small amount" as not being subject to the statute. (*Perry*, *supra*, 32 Cal.App.5th at p. 896.)

Our Supreme Court has granted review in *Raybon*, *supra*, 36 Cal.App.5th 111, which takes a contrary position on both facets of Young's argument. Ultimately, the high court will resolve the differences in the opinions.

## C. Analysis

In *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted August 12, 2020, S262935, we addressed Penal Code section 4573.8, a more broadly worded prohibition of use or ingesting of unauthorized drugs in prison. We found the statute had not been preempted or amended by Proposition 64. We found the carve-out provisions of the proposition retained the validity of the statute. We did not address the validity of Penal Code section 4573.6 as it was not alleged in that case.

We did discuss the *Perry* opinion at length. In regard to the carve-out provision, we said: "[W]e agree with *Perry*'s analysis regarding the scope of the carve out in section 11362.45, subdivision (d), and we accordingly

5

concluded that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*People v. Whalum*, *supra*, 50 Cal.App.5th at p. 10, rev.gr.)

We are faced with choosing between the analysis in *Perry* and the opposing views expressed in *Raybon*. Pending direction to the contrary from our high court, we will follow the reasoning of *Perry* and hold that Penal Code section 4573.6 remains valid after Proposition 64, and, therefore we will affirm the order denying Young's petition to vacate his conviction.

## DISPOSITION

The order denying the petition to vacate Young's conviction of violating Penal Code section 4573.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

6